Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 W. Riverside Avenue, Suite 210
Spokane, WA 99201
Phone:  509-747-9100
Attorneys for Plaintiff
carl@ettermcmahon.com
awagley@ettermcmahon.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CODY ALLEN EASTERDAY,<br><br>Defendant. | Case No. 4:21-CR-06012-SAB<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(2)** |

## INTRODUCTION

Defendant Cody Allen Easterday ("Mr. Easterday"), by and through his undersigned counsel, hereby respectfully submits this Reply in Support of his Motion for a Sentence Reduction Under 18 U.S.C. § 3582(c)(2).

On January 31, 2024, Mr. Easterday moved this Court to modify his current sentence to one consistent with the applicable changes to the federal sentencing guidelines relating to "Zero-Point Offenders" (*See* ECF 107, the "Motion".) Specifically, Mr. Easterday requested that this Court reduce his original sentence from a sentence of 132 months in prison, to a sentence of 97 months. In the alternative, Mr. Easterday requested that the Court at least provide a proportional reduction to Mr. Easterday's original sentence by reducing his original sentence to a sentence of 105.88 months in prison.

On February 7, 2024, the Government opposed Mr. Easterday's motion. (*See* ECF No. 109 ("Gov't Opp.").) While the Government acknowledged that Mr. Easterday is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 4C1.1, the Government contends that the maximum amount by which the Court should reduce Mr. Easterday's sentence is 11 months to 121 months in prison, "which would result in a sentence at the high end of the amended guideline range (and the low end of the original guideline range)". (*See* Gov't Opp. at 2.)

Mr. Easterday, the United States Probation Office, and the Government all agree that Mr. Easterday is eligible for a 2-point reduction in his total offense level under U.S.S.G. § 4C1.1, and as a result, that Mr. Easterday is eligible for a corresponding downward adjustment of the applicable guideline range. (*See* Gov't

Opp. at 8; ECF No. 105.) Under this revised offense level of 30, Mr. Easterday's amended guideline range is 97 to 121 months' imprisonment. (*See* Gov't Opp. at 3; ECF No. 105.)

Mr. Easterday and the Government disagree, however, on the application of the 18 U.S.C. § 3553(a) factors to Mr. Easterday's case. While the Government maintains that the § 3553(a) factors weigh in favor of a 121 month sentence, Mr. Easterday contends that by (i) considering his post-sentencing conduct, which includes his exemplary behavior while incarcerated, (ii) considering the significant amount of restitution that has been repaid to Mr. Easterday's victims to-date, and (iii) considering Mr. Easterday's sentence in context of similarly situated defendants, the § 3553(a) factors warrant a sentence reduction to 97 months or, at least, a proportional reduction to 105.88 months.

## ARGUMENT

**A. *Wilson*, *Styer*, *Melton*, *Craig*, *Suell*, and *Sifford* are all factually distinct from, and inapplicable to, Mr. Easterday's case.**

While the Government acknowledges that Mr. Easterday qualifies for relief under U.S.S.G. § 4C1.1 ("Amendment 821"), and argues that Mr. Easterday's sentence should be reduced to "a sentence at the top end of the amended guideline range," (*see* Gov't Opp., at 8), the Government also cites to *Wilson*, *Styer*, *Melton*, *Craig*, *Suell*, and *Sifford* for the premise that "many courts have denied sentence reductions in situations where guideline amendments lowered the sentencing range." (*Id.*) However, each of these cases are factually distinct and distinguishable from Mr. Easterday's case. *See United States v. Alloway*, No. 1:11CR191-MHT, 2015 WL 8328595, at *3 n.3 (M.D. Ala. Dec. 8, 2015) (distinguishing *Wilson*, *Styer*, *Melton*,

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

*Craig*, *Suell*, and *Sifford*). In *Alloway*, the Government similarly relied on *Wilson*, *Styer*, *Melton*, *Craig*, *Suell*, and *Sifford* to support the contention that the defendant in that case should be denied a motion for a sentence reduction; however, the district court found that each of the aforementioned cases was distinguishable and non-controlling:

> The government also cites a number of cases [including *Wilson*, *Styer*, *Melton*, *Craig*, *Suell*, and *Sifford*] in which courts have denied sentence reductions or upheld such denials based in part on post-sentencing conduct, but makes no mention of the facts of those cases and their dissimilarity to the facts of this one. When considered more closely, these cases are inapposite; all of them involve serious or recurrent post-sentencing misconduct, violent offense conduct, extensive criminal history, or else a highly favorable plea deal which had already prevented the defendant from receiving a much harsher sentence. None of these factors is present here. In sum, the case law the government has identified does not suggest (much less require) that [Defendant] be denied a sentence reduction.

*Id.* Mr. Easterday's case is similarly distinguishable from *Wilson*, *Styer*, *Melton*, *Craig*, *Suell*, and *Sifford*. None of these cases address a motion for sentence reduction under Amendment 821, and Mr. Easterday's eligibility as a Zero-Point Offender, on which all parties are in agreement, necessarily distinguishes Mr. Easterday's case. Mr. Easterday did not commit, nor participate, in a violent offense of any kind. His conduct while incarcerated has been exemplary, and Mr. Easterday did not receive a highly favorable plea deal that prevented him from receiving a much harsher sentence. Mr. Easterday is the exact type of person that Amendment 821 was intended to impact. The U.S. Sentencing Commission, through Amendment

821, has determined that Mr. Easterday is eligible for a lesser sentence than the sentence currently imposed. Contrary to the Government's characterization, Mr. Easterday did not lead a privileged life and did not pursue entitlement. He worked tirelessly 7 days a week building his farming and ranching operations.  He did not live lavishly,  was a generous employer and community member.  Mr. Easterday was subject to a predatory cattle feeding agreement with Tyson that charged over 59 million dollars in illegal interest. He engaged in speculative Commodities trading activity to  make up for the interest expense and then ultimately committed the fraud upon Tyson to cover the losses from the speculative trading. His life was a desperate, addictive circle wherein he speculatively traded commodities in hope that he could repay Tyson but defrauded Tyson in an effort to cover the speculative trading losses. Yet, Mr. Easterday quickly accepted responsibility and quickly plead guilty to his Offense. He then again worked tirelessly in the Easterday bankruptcy to increase the value of the bankruptcy estate to repay Tyson and other creditors.

**B. Mr. Easterday's productive conduct while incarcerated supports his motion for a sentence reduction.**

As Mr. Easterday's Motion articulated, Mr. Easterday has served his time productively, receiving multiple awards and certificates for his exemplary conduct. (*See* Motion, at 9.) In addition to Mr. Easterday's personal achievements, he has also spent time educating other inmates in order to assist with the operations of the farm at USP Lompoc. For example, Mr. Easterday teaches other inmates, many of whom have no farming experience prior to arriving at USP Lompoc, how to properly operate and repair farming equipment. Mr. Easterday is committed to serving his

{01066820}    Reply in Support of Defendant's Motion for Sentence Reduction - Page 4

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

time while incarcerated productively, and his efforts while working on the farm also positively impact the other inmates by assisting them in acquiring new skills that they can rely on in the future. Accordingly, Mr. Easterday requests that the Court consider his efforts and conduct while incarcerated when considering his Motion.

**C. Mr. Easterday has caused $78,635,054.46 in restitution to be paid to Tyson and Company 1, representing a 32% recovery to-date, which supports his motion for a sentence reduction.**

As of November 30, 2023, $78,635,054.46 has been paid to Mr. Easterday's victims out of the $244,031,132.00 that Mr. Easterday owes in restitution. This represents a 32% recovery to-date, and to our knowledge is the most restitution ever repaid, by amount or percentage in the Eastern District of Washington in cases of this nature. Mr. Easterday has taken responsibility for his conduct, and he is committed to repaying the debt he owes, which is evidenced by the amount that has already been repaid.

Section 3553(a)(7) directs the Court to consider the need to provide restitution to the victims of the offense when imposing a sentence. Thus, contrary to the Government's argument otherwise, the amount of restitution already repaid, $78,635,054.46, and Mr. Easterday's ability and opportunity in the future to earn more money to pay down this debt further both support Mr. Easterday's motion for sentence reduction. If his sentence is reduced to 97 months, as opposed to the 121 months as requested by the Government, Mr. Easterday can utilize the 24 months-difference towards earning more money that can be repaid in restitution. Accordingly, Mr. Easterday requests that the Court consider the 32% recovery to-

{01066820}    Reply in Support of Defendant's Motion for Sentence Reduction - Page 5

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

date on Mr. Easterday's debt, and his ability to earn more money in the future, while considering Mr. Easterday's motion for a reduction.

### D. The need to avoid unwarranted sentencing disparities supports Mr. Easterday's motion for a sentence reduction.

A sentence of 97 months would not create an unwarranted sentencing disparity; in fact, a sentence of 97 months would still impose a longer sentence on Mr. Easterday than a substantial majority of similarly situated defendants. (*See* Motion, at 9-11.) Mr. Easterday previously provided the Court with data that was collected by the Federal Judicial Center in conjunction with the U.S. Sentencing Commission, and this data compared the sentences imposed in the prior five fiscal years on defendants with a similar crime as Mr. Easterday, with the same Criminal History Category, and with a Final Offense Level of 30, which is Mr. Easterday's amended offense level. (*See* Motion, at 9-11.) The Government does not dispute this data nor does the Government separately address this data in its opposition. Rather, the Government contends that a sentence of 121 months is needed to avoid unwarranted sentencing disparities by primarily relying on an Eastern District of New York case from 2008. (Gov't Opp., at 11 (citing *United States v. Parris*, 573 F. Supp. 2d 744, 753 (E.D.N.Y. 2008).)

Mr. Easterday contends, however, that the statistics from the Judicial Sentencing Information" platform ("JSIN") provided in Mr. Easterday's motion, are a more recent and relevant consideration to avoid unwarranted sentencing disparities. The district court in *Parrish* relied on sentences imposed from 1999 to 2007 that also applied a wide variety of guideline ranges. *See Parrish¸* 573 F. Supp.

{01066820}    Reply in Support of Defendant's Motion for Sentence Reduction - Page 6

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

2d at 756. Accordingly, the JSIN data cited by Mr. Easterday provides a more accurate comparison for purposes of evaluating sentencing disparities, and this data reflects that a sentence of 97 months would constitute a longer sentence than the majority of other similarly situated defendants.

### E. The Remaining Section 3553(a) factors support Mr. Easterday's request for a sentence reduction.

A sentence of 97 months recognizes the severity and size of Mr. Easterday's offense, and such a sentence would be sufficient, but not greater than necessary to comply with Section 3553(a)(2). Mr. Easterday does not seek to diminish nor downplay the impact of his actions, and during each step of this process, Mr. Easterday has taken ownership and responsibility over his mistakes, and he has attempted to pay Tyson and Company 1 back for their losses caused by his offense. In fact, the day after Mr. Easterday's father tragically passed away, Mr. Easterday forwent grieving with his family, and instead, he was present at Easterday Ranches' offices to assist Tyson auditors. Mr. Easterday has been, and continues to be, committed to rectifying his mistakes.

In light of the Government's arguments concerning the size and scope of the offense, Mr. Easterday requests that the Court consider additional related factors that provide context and explanation, not justification, to Mr. Easterday's actions at the time. Specifically, Mr. Easterday suffered from, and has since been diagnosed, with a severe gambling disorder. (ECF No. 26 at 13.) Additionally, while Mr. Easterday does not seek to diminish his actions, or give the impression that he does not take responsibility for his mistakes, the size of the fraud when compared to part of

{01066820}    Reply in Support of Defendant's Motion for Sentence Reduction - Page 7

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

Yakima's operating budget, as pointed out by the Government, is a separate consideration from the impact that Mr. Easterday's crime had on Tyson and Company 1. And, Mr. Easterday's original sentencing did not include a finding that his offense caused a substantial financial hardship on either Tyson or Company 1. Further, as the Court is also aware, Mr. Easterday requested at the time of his original sentencing that the Court consider additional, and to Mr. Easterday, relevant context, regarding his business relationship with Tyson. (ECF No. 62.) Mr. Easterday has since filed two separate lawsuits regarding these matters, and Mr. Easterday is not seeking to relitigate those issues here; rather, Mr. Easterday simply requests that the Court consider those allegations as additional context to explain Mr. Easterday's conduct at the time, i.e., not as his attempt to prolong his "status as an elite businessman in the community," but rather his attempt to keep Easterday Ranches afloat despite the significant trading losses resulting from his gambling addiction and the additional headwinds facing Easterday Ranches due to the complexities of its business and predatory contractual relationship with Tyson. For example, the Cattle Feeding Agreement that Tyson imposed upon Easterday Ranches was a factor in the speculative commodities trading that Mr. Easterday engaged in so that the losses could be minimized.

Further, the Government also argues that a sentence of 121 months is needed in order to deter future criminal conduct and promote respect for the rule of law. (*See* Gov't Opp., at 10.) To this end, the Government argues that there is a need to show the public that the crime of fraud does not receive a more lenient sentence than the 10-year mandatory minimum sentence applicable to those individuals who distribute

280 grams of crack cocaine under 21 U.S.C. § 841. (*See id.*)

Mr. Easterday respectfully contends that this comparison is apples to oranges. There is legislation currently pending in the U.S. Congress, which is supported by the Department of Justice, to repeal the 10-year mandatory minimum for distributing 280 grams of crack cocaine. *See* Eliminating a Quantifiably Unjust Application of the Law Act ("EQUAL Act") of 2023, S.524 118th Cong. (2023); H.R. 1062, 118th Cong. (2023); *see also*, Statement of the U.S. Dept. of Justice Before the Committee on the Judiciary United States Senate, June 22, 2021, available at https://sentencing.typepad.com/files/doj-equal-act-testimony--final.pdf (last accessed on February 12, 2024). District courts within the Ninth Circuit are already considering this legislation in the context of sentencing even though it is not yet enacted law. *See United States v. Roper*, No. CR12-5085 BHS, 2023 WL 6807301, at *4 (W.D. Wash. Oct. 16, 2023). Accordingly, the statutory sentence suggested by the Government as the benchmark upon which Mr. Easterday's sentence should be measured, is actually considered to be unfair and unjust by both the Government and the public's elected representatives.

A sentence of 97 months is sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2). Eight years' imprisonment is a significant amount of time in anyone's life. That is eight years away from family and friends. Eight years missing significant milestones and life events. Mr. Easterday maintains that a sentence of 121 months is not needed to deter future criminal conduct, when 97 months is still a significant amount of time to be incarcerated. Mr. Easterday qualifies for a sentence reduction under Amendment 821, and the Section

{01066820}    Reply in Support of Defendant's Motion for Sentence Reduction - Page 9

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

3553(a) factors support sentence reduction to 97 months, or in the very least a proportional reduction from Mr. Easterday's original sentence to 105.88 months.

## CONCLUSION

For all the foregoing reasons, Mr. Easterday requests that this Court grant this Motion for a Sentence Reduction Under 18 U.S.C. § 3582(c)(2).


RESPECTFULLY SUBMITTED this 14th day of February, 2024.

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.


By:  */s/ Carl J. Oreskovich*
      Carl J. Oreskovich, WSBA #12779
      Attorney for Plaintiff Cody Allen Easterday


*Of Counsel:*
ARNALL GOLDEN GREGORY LLP
Jeffrey S. Jacobovitz (*Pro Hac* Vice)
D.C. Bar No. 346569
Justin Ferraro (*Pro Hac Vice*)
Virginia Bar No. 92226
2100  Pennsylvania Ave, NW
Suite 350S
Washington D.C. 20037
Telephone: (202) 677-4056
Facsimile: (202) 677-4057
Emails: jeffrey.jacobovitz@agg.com
            justin.ferraro@agg.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of February, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all of the attorneys that have appeared in this case and have registered with the CM/ECF System.

EXECUTED this 14th day of February, 2024 in Spokane, WA.

By: /s/ *Jodi Dineen*
Jodi Dineen